AO 91 (rev.11/11) Criminal Complaint                    AUTHORIZED AND APPROVED DATE: /S Bow Bottomly 3/26/2021

# United States District Court
## for the
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | Case No: M-21- 201- STE |
| ) | |
| Jimmy Dale Stone ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Between on or about November 2014, and February 2015, within Indian country, in the county of Garvin, in the Western District of Oklahoma, the defendant, an Indian, violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1153(a) and 2243(a) | Sexual Abuse of a Minor |
| 18 U.S.C. §§ 1153(a) and 2244(a)(1) | Abusive Sexual Contact of a Minor |

This criminal complaint is based on these facts:

See attached Affidavit of Special Agent Charles W. Thumann, FBI, which is incorporated and made a part hereof by reference.

☐ Continued on the attached sheet.

*Complainant's signature*
Charles W. Thumann
Special Agent
FBI

Sworn to before me and signed in my presence.

Date: **Mar 29, 2021**

City and State: Lawton, OK

*Judge's signature*

SHON T. ERWIN, U.S. Magistrate Judge
*Printed name and title*

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

**AFFIDAVIT**

I, Charles W. Thumann, a Special Agent of the Federal Bureau of Investigation (FBI), Oklahoma City Division, being duly sworn, state:

**AFFIANT'S EXPERIENCE**

1. I have been employed as a Special Agent (SA) with the FBI since July 2004 and have been assigned to the Oklahoma City Division of the FBI for approximately 11 years. During the past 16 years, I have conducted a wide variety of investigations, including cases involving violent crimes in Indian country.

**PURPOSE OF AFFIDAVIT**

2. This Affidavit is submitted in support of a warrant for the arrest of **Jimmy Dale Stone (STONE)** for the following offenses committed in Indian country: sexual abuse of a minor, named M.S., in violation of Title 18 United States Code, Section 1153 and 2243(a) and abusive sexual contact of a minor in violation of Title 18 United States Code, Section 1153 and 2244(a)(1). Since this Affidavit is being submitted for the limited purpose of securing a criminal complaint and an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support the issuance of a criminal complaint and an arrest warrant.

1

## FACTS AND CIRCUMSTANCES

3.      I am aware of the information set forth below through conversations with other law enforcement officers, review of reports and affidavits prepared by other law enforcement officers, and review of documents from related state court proceedings. This case was originally investigated by the Garvin County Sheriff's Office (GCSO).

4.      On Sunday, January 31, 2016 at approximately 1643 hours, Deputy Doug Walling was dispatched to 400 East Wagoner, Pauls Valley, Oklahoma, as requested by Pauls Valley Police Department in reference to a report involving a juvenile.

5.      Deputy Walling arrived at approximately 1649 hours and spoke to Ms. Regina Sherill (Ms. Sherill) and Conrad Gonzalez (Mr. Gonzalez.) Mr. Gonzalez stated on Saturday, January 30, 2016, that Ms. Sherill's Aunt, Dollie Barrington (Ms. Barrington), told him his 14-year-old daughter, M.S., reported to her that she had been a victim of sexual assault. Ms. Sherill is the mother of M.S. and Mr. Gonzalez is the stepfather of M.S. Ms. Barrington told Mr. Gonzalez that M.S. stated in the summer of 2014, **STONE**, 40-year-old male, came over to the M.S.'s house, located at 25826 North County Road 3220 in Elmore City, Oklahoma. **STONE** convinced M.S. to let him touch her in the private area and had M.S. touch his privates.

6.      The house located at 25826 North County Road 3220 in Elmore City, Oklahoma is in the Western District of Oklahoma and is within the exterior boundaries of the Chickasaw Nation Reservation, which is Indian country according to Title 18 United States Code, Section 1151(a).

2

7.      Ms. Sherill said she remembered **STONE** was present at the house in Elmore City in mid-July 2014 helping her with some doors at the residence. Ms. Sherill said **STONE** left the residence but returned later when she was asleep. Ms. Sherill stated **STONE** had woken her up, but she did not know how long he had been at the residence. She said M.S. was in Ninnekah, Oklahoma, with her Aunt Dollie, but was due back home on Monday, February 1, 2016.

8.      On February 2, 2016, a forensic interview was conducted of M.S. by forensic interviewer Jordan Orosco at the Mary Abbott Children's House in Norman, Oklahoma. During the forensic interview, M.S. disclosed while Ms. Sherill was asleep and Mr. Gonzalez was at work, **STONE** touched her in a sexual manner. Specifically, M.S. stated to the forensic interviewer that she was on the couch and **STONE** touched her breast and vagina. She stated he put her hand in his pants and made her touch his penis. M.S. stated the man "at her house making her do these things" was **STONE**. M.S. stated the incident gave her nightmares. She disclosed being touched on the skin on both the breast and vagina by **STONE**. M.S. advised she touched his penis for a little while, she quit and he laid on the floor and continued [to masturbate himself]. M.S. stated that during this time he was jacking off and he asked her to go to the back bedroom. M.S. stated that this indicated he wanted to have sex. She reported laying on the couch, and **STONE** was seated on the edge while all of this was happening to her. M.S. informed the interviewer that her two younger brothers were in the room but were not paying any attention. She advised that it happened at night. M.S. stated when he put her hand in his pants, he told her to rub. She stated he originally put his hand in her panties, on top of her panties, and then went under her panties and touched her vagina.

3

9. The intentional touching by the defendant, not through the clothing, of the genitalia of M.S., who was under 16, with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person; is a sexual act under 18 U.S.C. 2246(2). At this time, M.S., had attained the age of twelve (12) years but had not attained the age of sixteen (16) years and she was at least four (4) years younger than the defendant. She stated he kissed her on the lips and tried to do something with his tongue that she referred to as French kissing.

10. M.S. stated **STONE** had a brother identified as Dee. Deputy White knew this to be Glenn Stone and the brother of **STONE**. **STONE** lived with Glenn Stone when these offenses occurred.

11. **STONE** refused to speak to Deputy White about this incident after the allegations were made.

12. On August 3, 2016, the District Attorney for Garvin County charged **STONE** in Garvin County District Court (case number CF-2016-370) with two counts of lewd or indecent acts to a child under 16, after felony conviction, in violation of Title 21, Oklahoma Statutes, Section 1123(A)(2), and one count of lewd act with a child under 16, after felony conviction, in violation of Title 21, Oklahoma Statutes, Section 1123(A)(4)(F).

13. Based on a review of the trial transcript of the non-jury trial in State of Oklahoma v. Jimmy Dale **STONE**, District Court of Garvin County, Case No. CF-2016-370, created by Lynette Buhr, CSR, RPR, RMR, RDR, official court reporter, I affirm the following testimony was presented under oath to the Court:

> A. The alleged sexual abuse by **STONE** against M.S. occurred between August of 2014 and February 2015.

B. M.S. was 13 years old at the time of the sexual abuse.

C. The sexual abuse occurred at M.S.'s home at 25826 North County Road 3220 in Elmore City, Oklahoma.

D. At the time of the abuse, **STONE** was living nearby with his brother.

E. **STONE** had come over to the child's house a few times to assist M.S.'s mother with some house projects, such as replacing door hinges and doorknobs and digging a hole for a tree.

F. In Court, M.S. identified **STONE** as the person who sexually abused her.

G. M.S. testified that she was abused in the living room of her home at nighttime. Her brothers were in the room playing video games. M.S. was on the couch and **STONE** was on the floor close to M.S. M.S.'s mother was sleeping in a bedroom. M.S. saw **STONE** touching his penis and he had his pants near his knees. **STONE** touched M.S.'s breasts on top of the night gown and then under the night gown. He then rubbed the top of her panties and underneath her panties. She testified he touched the skin of her breasts and vagina. **STONE** asked M.S. whether she wanted to go into a bedroom with him. She said no because she was afraid of getting into trouble. **STONE** grabbed M.S.'s hand and forced her to put it on his penis and had her move her hand forward and back to masturbate him. At some point during the abuse, **STONE** kissed M.S. on the lips.

H. M.S. testified that there was another time after she was touched on the couch when she was sleeping next to her mother in her mother's bedroom

5

and she woke up to something rubbing her foot. She said that she woke up to **STONE** touching her foot with his penis. M.S. woke up the next morning with something really sticky on her foot.

I. M.S. did not disclose the abuse until January of 2016 when she told her Aunt Dollie, Ms. Barrington. She did not previously tell her parents because she was afraid of getting in trouble. The disclosure in January began the investigation.

J. M.S's mother, Ms. Sherrill, testified that she met STONE in the fall of 2014, sometime before Thanksgiving. He lived with his brother Dee, who had a house nearby. **STONE** came over a few times to her house. She testified **STONE** came over around January or February of 2015 and asked her for some gas money. She testified that she let him do some jobs around the house in exchange for a gift card with some money on it. While he was at the house, she took a nap for about two hours when **STONE** woke her up. Ms. Sherill testified that M.S. was sick on the couch that day. It was the day afterward that M.S. told her that **STONE** was strange, and she did not like him.

K. Ms. Barrington, M.S.'s great aunt, testified that in January 2016, M.S. disclosed to her the sexual abuse by **STONE**.

L. On February 2, 2016, M.S. was interviewed by Jordan Orosco Carroll at the Mary Abbott House.

M. **STONE** testified that in 2011 or 2012, he was tried by a jury in Pushmataha County and convicted of three counts of lewd molestation of three minor female children. He was sentenced to eight years confinement; however, the conviction was overturned due to an improper jury instruction. A new trial was ordered. **STONE** testified he was in Pushmataha County Jail from January 29, 2014 until August 19, 2014, when he entered a no contest plea to three counts of lewd molestation of the minor females. He was sentenced to probation, given credit for time served, and released.

N. **STONE** testified that he moved in with some friends upon his release from prison. In November of 2014, he moved in with his brother Dee who lived near M.S.'s home. He admitted he met M.S. and her mother before Thanksgiving. He admitted that he went to M.S.'s house to try and sell a propane tank to Mr. Gonzalez. He admitted he helped Ms. Sherrill with some housework including helping her cook dinner in February of 2015 because he needed money. He admitted M.S. and the boys were home while he was in the home. **STONE** denied abusing M.S. **STONE** further admitted M.S. does not know or have any connection with two of his other victims, Ba.H. or Br.H.

O. Ba.H. and Br.H., two of the female victims of the sexual abuse from the Pushmataha County case, testified against **STONE** at the trial in Garvin County. Both were 13 years old when they were abused by **STONE**.

Ba.H. testified that STONE had touched her breast and vagina with his hands. Br.H testified that STONE touched her vagina with his fingers and on another occasion raped her by inserting his penis into her vagina.

14. **STONE** knowingly caused the victim, M.S., to engage in a sexual contact under 18 U.S.C. 2246(3), by the use of force against M.S. to cause her hand to touch his penis, with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person.

15. On January 25, 2018, **STONE** was found guilty by Judge Steven C. Kendall on three counts of lewd acts with a child, M.S., in violation of Title 21, Oklahoma Statutes, Section 1123(A). On May 14, 2018, **STONE** was sentenced to life in prison for all three counts to be served concurrently to each other.

16. This Court has jurisdiction pursuant to Title 18, United States Code, Section 1153, because **STONE** is an enrolled member of the Choctaw Nation and the offense occurred within Indian country. On August 31, 2020, **STONE** filed an application for post-conviction relief in which he argued that the Garvin County District Court lacked jurisdiction to try him because he is a citizen of the Choctaw Nation and the crimes occurred within the boundaries of the Chickasaw Nation. The conviction for Case No. CF-2016-370 will likely be dismissed soon.

17. Based upon my training and experience, and the facts and circumstances described above, I believe probable cause exists to support a criminal complaint and arrest warrant for **Jimmy Dale STONE**, an Indian, for violations of Title 18, United States Code, Sections 1153 and 2243(a) and abusive sexual contact of a minor in violation of Title 18 United States Code, Section 1153 and 2244(a)(1).

Further Your Affiant sayeth not.

Charles W. Thumann
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this the ___29th___ day of March, 2021, at Oklahoma City, Oklahoma.

SHON T. ERWIN
United States Magistrate Judge

9